UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CHRISTOPHER JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTHEW SHERIDAN, individually and in his official capacity as a Providence Police Officer, and the CITY OF PROVIDENCE, by and through its Treasurer, JAMES J. LOMBARDI, III,<br><br>    Defendants. | C.A. No. 1:19-CV-00283-MSM-PAS |

# MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

    The plaintiff, Christopher Johnson ("Johnson"), alleges that the defendants, Providence Police Officer Matthew Sheridan ("Sheridan") and the City of Providence ("the City"), committed constitutional and common law torts that resulted in his injury. (ECF No. 1.) Mr. Johnson sues seeking declaratory and injunctive relief and compensatory and punitive damages under 42 U.S.C. § 1983, the common law, the Rhode Island Civil Rights Act of 1990, and several provisions of the Rhode Island Constitution. *Id.* Before the Court are the City's Motion for Summary Judgment and Mr. Johnson's Motion for Partial Summary Judgment. (ECF Nos. 30 & 34.)

## I.  BACKGROUND

At around midnight on May 18, 2016, Mr. Christopher Johnson was returning to his home in the Washington Park neighborhood of Providence after a night out. Providence Police Officer Matthew Sheridan was on duty patrolling the area around Mr. Johnson's home. An encounter between the two men took place after Mr. Johnson got off a bus at the corner of Broad Street and Montgomery Avenue.

Officer Sheridan was stationed in a police cruiser near Mr. Johnson's bus stop, next to the Open Table of Christ Church. From his cruiser, Officer Sheridan observed Mr. Johnson begin crossing Broad Street and then abruptly stop and head in another direction. Officer Sheridan surmised that this behavior could suggest that Mr. Johnson was intoxicated. So Officer Sheridan made a U-turn, drove up to Mr. Johnson, lowered his passenger window, and asked Mr. Johnson his name. Mr. Johnson responded, "I do not have to tell you shit," and continued walking. (ECF No. 31-2, Sheridan Dep. at 88:8-10.) Officer Sheridan followed Mr. Johnson, pulled over slightly ahead of him, and exited his cruiser to continue the conversation.

Officer Sheridan approached Mr. Johnson and asked him where he lived. Mr. Johnson responded, "over there." *Id.* at 96:15-20. Officer Sheridan asked, "where is over there?" *Id.* at 100:8-18. Mr. Johnson repeated, "over there." *Id.* Mr. Johnson tried to continue walking towards his home. Officer Sheridan put up his hand and said, "why don't you just have a seat in the car, and we'll figure out where you live and how to get you home and what's the best situation." *Id.* at 101: 12-16. Officer Sheridan then placed one hand on Mr. Johnson's shoulder, another on his back, and

2

applied an "escort gesture" to attempt to get Mr. Johnson into the police cruiser. *Id.* at 138:5-8. Mr. Johnson brushed his hand away. *Id.* Officer Sheridan believed that this contact constituted assault and resolved that he would arrest Mr. Johnson. *Id.* at 108:13-17. He attempted to "gain control" of him. *Id.* A physical struggle ensued, the details of which are disputed.

Ultimately, Mr. Johnson was detained, arrested, and transported to the Providence Public Safety Complex, where he was charged with assault, resisting arrest, and disorderly conduct. Over a year later—and after thirteen appearances before Rhode Island state courts—the charges against Mr. Johnson were dismissed for insufficient evidence. Mr. Johnson now sues Officer Sheridan and the City of Providence alleging he was racially profiled and falsely arrested using excessive force.

Mr. Johnson raises eleven claims. There are four claims under 42 U.S.C. § 1983 alleging the constitutional torts excessive force, false arrest, unequal treatment, and malicious prosecution. Three analogous claims brought under the Rhode Island Constitution allege false arrest, excessive force, and unequal treatment. Four claims brought solely against Officer Sheridan allege the common-law torts assault, battery, false arrest, and malicious prosecution. The final claim alleges a violation of the Rhode Island Civil Rights Act, R.I.G.L. § 42-112-1 *et seq.*

Both the City of Providence and Mr. Johnson move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

3

## II. SUMMARY JUDGMENT STANDARD

Summary judgment's role in civil litigation is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Garside v. Osco Drug Inc.*, 895 F.2d 46, 50 (1st Cir. 1990). Summary judgment can be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party. A fact is material if it carries with it the potential to affect the outcome of the suit under the applicable law." *Santiago–Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 52 (1st Cir. 2000). The court views the facts at summary judgment "in the light most favorable to, and drawing all reasonable inferences in favor of, the nonmoving party." *Feliciano de la Cruz v. El Conquistador Resort & Country Club*, 218 F.3d 1, 5 (1st Cir. 2000).

## III. DISCUSSION

### A. The § 1983 Claims

Mr. Johnson and the City of Providence both moved for summary judgment of all § 1983 claims. These claims seek to hold the City liable for the alleged torts of Officer Sheridan and rely on the theory of municipal liability. *See Monell v. Dep't of Soc. Servs. of City of N. Y.*, 436 U.S. 658 (1978). In order to prevail at trial, Mr. Johnson will have to prove by a preponderance of the evidence that Officer Sheridan

4

committed a constitutional violation, that "execution of [a City] policy or custom … inflict[ed] the injury" and was the "moving force" behind the injury, and that the City or its final policymaking officer knew of the risk of injury and acted deliberately indifferently in failing to address it. *Id.* at 694; *see also Saldivar v. Racine*, 818 F.3d 14, 18-21 (1st Cir. 2016). At this stage, there are genuine disputes of material fact reserved for the jury that make summary judgment inappropriate for both Mr. Johnson and the City.

1. **The Constitutional Violation**

The first and essential set of disputed facts relates to whether Officer Sheridan violated Mr. Johnson's constitutional rights. Officer Sheridan contends that he did not target Mr. Johnson based on his race, that he only applied "gentle" force when he made physical contact with Mr. Johnson, and that Mr. Johnson was jaywalking and subsequently assaulted him, making him subject to arrest. (ECF No. 32.) Mr. Johnson claims he was not jaywalking or otherwise committing a crime, that he was targeted for being Black, and that Officer Sheridan applied unreasonable and gratuitous force during his false arrest causing a prosecution without probable cause. (ECF No. 30 at 31.) The disputes of fact about the encounter between the two men are for jury determination; it cannot be said at this stage whether Officer Sheridan committed a constitutional violation. Mr. Johnson's Motion for Summary Judgment of the § 1983 claims against Officer Sheridan and the City of Providence is therefore DENIED.

For the same reasons, the City's motion is DENIED as to the Rhode Island Civil Rights Act unequal treatment claim. *See Doe Next Friend Doe v. City of Pawtucket*, 374 F. Supp. 3d 188, 203 (D.R.I. 2019) ("The Court looks to federal law construing analogous civil rights statutes in assessing … claims under [the Rhode Island Civil Rights Act.]").

### 2. The City's Deliberately Indifferent Failure to Discipline

The City argues that even if Officer Sheridan did commit a constitutional violation, the City cannot be held liable for Officer Sheridan's conduct. (ECF No. 34 at 3). The City contends that Mr. Johnson has not raised a triable theory of municipal liability. *Id.*

Mr. Johnson's core argument for holding the City liable for Officer Sheridan's conduct is that the City of Providence has a policy or custom of failing to discipline its officers which resulted in his injury. (ECF No. 37 at 5.) The City says that no such policy exists. (ECF No. 34 at 3.)

The City admits that Officer Sheridan has been named in four federal lawsuits alleging constitutional violations including excessive force, false arrest, and unequal treatment.[1] (ECF No. 34-1 at 7.) The City admits that Officer Sheridan has faced several civilian complaints from members of protected classes resulting in internal Use of Force inquiries. *Id.* The City admits that Officer Sheridan has faced

---

[1] *See Santiago v. Sheridan*, 19-cv-00591-JJM-PAS; *Fajardo v. Sheridan*, No. 18-CV-523-JJM-PAS, 2023 WL 2088031 (D.R.I. Feb. 16, 2023), *appeal dismissed*, No. 23-1244, 2023 WL 5971913 (1st Cir. July 5, 2023); *Howie v. City of Providence by & Through Lombardi,* 354 F. Supp. 3d 121 (D.R.I. 2019).

investigation and discipline for failing to meet his job obligations, including when he failed to show up for his *first* official tour of duty, foreshadowing the pattern of violations that was to come. (ECF No 34-2 at 2.) Despite the numerous and concerning admissions, the City maintains that no reasonable jury could find that the City has a policy or custom of failing to discipline its officers for similar violations as the violations alleged by Mr. Johnson.

The City asserts that because it has a civilian complaint process and because Officer Sheridan was subject to it—along with the Use of Force Inquiries—the requisite "deliberate indifference" required to prove municipal liability cannot be shown. *See Baez v. Town of Brookline, Massachusetts*, 44 F.4th 79, 83 (1st Cir. 2022). That is not the law in this circuit. The First Circuit has opined that civilian complaints which are "subject … to sham reviews" can illustrate deliberate indifference. *Id.* at 83. Although Officer Sheridan was subject to complaints and review, and although the Providence Police Department has a disciplinary process, whether the City's discipline of Officer Sheridan was a "sham review" or "rubber-stamp" of his conduct is a dispute to be decided at trial. *Id.*

Because Officer Sheridan has been named in four federal lawsuits alleging constitutional violations similar to the violations alleged in this case, several civilian complaints addressing similar conduct resulting in Use of Force Inquiries, and internal discipline for flouting his official duties; a reasonable jury could conclude that the City of Providence has a policy or custom of failing to discipline its officers and that the existence of that policy resulted in a violation of Mr. Johnson's

7

constitutional rights. *Id.* Therefore, summary judgment of the § 1983 claims is inappropriate.[2] The City's motion is DENIED.

### B. The Claims under the Rhode Island Constitution

Mr. Johnson's claims under the Rhode Island Constitution—claims II, IV, and VI—fail as a matter of law because the Rhode Island Constitution does not provide a direct cause of action to address the alleged wrongs. *See Murray v. Cmty. Coll. of R.I.*, No. CV 23-469 WES, 2024 WL 1214569 (D.R.I. Mar. 21, 2024); *Kurland v. City of Providence by & through Lombardi*, No. 18-CV-440-MSM-LDA, 2024 WL 850680 (D.R.I. Jan. 11, 2024). The City's motion for summary judgment on the state constitutional claims is GRANTED.

## IV. CONCLUSION

For the foregoing reasons, the defendant City of Providence's Motion for Summary Judgment (ECF No. 34) is DENIED as to the § 1983 claims and the claim under the Rhode Island Civil Rights Act (I, III, V, VIII, XII) and GRANTED for the claims under the Rhode Island Constitution (II, IV, VI). The plaintiff's Motion for Partial Summary Judgment (ECF No. 30) is DENIED.

---

[2] The City also argues that the § 1983 malicious prosecution claim should be dismissed because Mr. Johnson "has not named an individual city employee that played a significant role in bringing about the prosecution." (ECF No. 34 at 15.) That argument fails because an arresting officer can be held liable for malicious prosecution when a Court finds that the officer caused the prosecution without probable cause. *Hernandez-Cuevas v. Taylor*, 723 F.3d 91, 100-01 (1st Cir. 2013).

IT IS SO ORDERED.

_/s/ Mary S. McElroy_____

Mary S. McElroy
United States District Judge
May 3, 2024